IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 4:19-CR-00231-01 |
| v. | (Chief Judge Brann) |
| HORACE HENRY, | |
| Defendant. | |

## MEMORANDUM OPINION

AUGUST 29, 2024

Defendant Horace Henry continues to seek a reduced sentence under Amendment 821 to the United States Sentencing Guidelines in his third motion for a reduced sentence. But Amendment 821 had no impact on Henry's sentence because he received no status points. The zero-point offender adjustment raised in Henry's motion is also inapplicable to him. The motion is therefore denied.

In February 2022, Henry was sentenced to 144 months' imprisonment.[1] His sentence was affirmed on appeal to the United States Court of Appeals for the Third Circuit.[2] In November 2023, Henry filed a motion to reduce his sentence under Amendment 821 to the United States Sentencing Guidelines.[3] A Federal Public Defender was appointed to assist Henry with his motion pursuant to this Court's Standing Order.[4] Henry's appointed counsel requested to withdraw from

---

[1] Judgment, Doc. 223.
[2] Mandate of USCA, Doc. 247.
[3] Motion to Reduce Sentence RE: Amendment 821, Doc. 248.
[4] Standing Order 2023-19, Doc. 249.

this representation, explaining in his motion that "[a]t sentencing, Mr. Henry had 6 criminal history points but did not receive any status points."[5] After granting counsel's motion to withdraw,[6] this Court denied Henry's motion for a reduced sentence.[7] In February 2024, Henry filed a second motion to reduce his sentence under Amendment 821,[8] which this Court also denied.[9] Henry then filed a pending appeal of that judgment to the Third Circuit.[10] Now before the Court is Henry's third motion for a reduced sentence pursuant to Amendment 821.[11]

Henry moves for a reduced sentence under 18 U.S.C. § 3582(c)(2). Section 3582 provides that where the sentencing range applicable to a defendant's term of imprisonment is subsequently lowered by the Sentencing Commission, a court may reduce a defendant's term of imprisonment after considering the factors set forth in section 3553(a), if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[12] That section sets out a two-step process: "A court must first determine that a reduction is consistent with §1B1.10 before it may consider whether the authorized reduction is warranted, in whole or in part, according to the factors set forth in § 3553(a)."[13]

---

[5] Motion to Withdraw as Attorney, Doc. 250.
[6] Order, Doc. 251.
[7] Order, Doc. 252.
[8] Second Motion to Reduce Sentence RE: Amendment 821, Doc. 253
[9] Order, Doc. 254.
[10] Notice of Appeal, Doc. 255.
[11] Third Motion To Reduce Sentence RE: Amendment 821, Doc. 257.
[12] 18 U.S.C. § 3582(c)(2).
[13] *Dillon v. United States*, 560 U.S. 817, 826 (2010).

Amendment 821 to the United States Sentencing Guidelines Manual ("U.S.S.G.") modified the assessment of criminal history points in a specific scenario. Previously, a defendant received two additional criminal history points for committing an offense while under a criminal justice sentence, commonly referred to as "status points."[14] The new guidelines, released November 2023, only impose one status point for committing an offense while under a criminal justice sentence, and only if the defendant received seven or more points under U.S.S.G. §4A1.1(a)-(d).[15] The Commission further determined that Amendment 821 would apply retroactively to incarcerated defendants.[16]

Here, Henry's requested sentence reduction would be inconsistent with Section 1B1.10 because, even if sentenced today, the cited Guidelines would not impact his term of incarceration.[17] Henry did have six criminal history points at the time of sentencing. But he did not receive any status points, because he was not under a criminal justice sentence when he committed the offense.[18]

---

[14] U.S.S.G. §4A1.1(d) (U.S. Sentencing Comm'n 2021).
[15] U.S.S.G. §4A1.1(e) (U.S. Sentencing Comm'n 2023).
[16] U.S.S.G. §1B1.10(d) (U.S. Sentencing Comm'n 2023).
[17] See U.S.S.G. §1B1.10(a)(1) (applying where "the guideline range applicable to that defendant has subsequently been lowered as a result of amendment to the Guidelines").
[18] See Notice of Filing of Official Transcript, Doc. 231, 13:22–14:3 (accepting findings of presentence report except as they relate to the reduction of offense level and acceptance of responsibility, finding that Henry has a criminal history category of three and an offense level of 29); Presentence Report, Doc. 164, 12-16 (assigning six criminal history points to Henry, all of which were due to two prior offenses, and assigning no status points).

Henry's six-page motion raises arguments relating to offenders with no criminal history points.[19] The "safety valve" provision referred to in this motion is also inapplicable because it only applies where "the defendant did not receive any criminal history points from Chapter Four, Part A."[20] As noted above, Henry received six criminal history points, not zero.

U.S.S.G. §1B1.10 would not permit a reduced sentence because neither of the provisions Henry cites would alter his sentence. Henry's subsequent motion for abeyance,[21] which pertains to his prior motion, is therefore moot. Accordingly, Defendant Horace Henry's Third Motion to Reduce Sentence re: Amendment 821 (Doc. 257) and Motion for Abeyance (Doc. 258) will be denied.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[19] *Id.* at 2-3.
[20] U.S.S.G. §4C1.1.
[21] Motion for Abeyance pursuant to 18 U.S.C. § 3582(c)(2), Doc. 258.